UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

F.S., on behalf of herself and as next friend to her child, A.J.,

                                    Plaintiffs,          Civ.  No.: 22-cv-8129

                                                         COMPLAINT

            - against -

NEW YORK CITY DEPARTMENT OF EDUCATION
NEW YORK CITY BOARD OF EDUCATION, AND
CHANCELLOR DAVID BANKS IN HIS
OFFICIAL CAPACITY,
                                    Defendants.
_____

## PRELIMINARY STATEMENT

1.  This is an action seeking, *inter alia,* implementation of an impartial hearing decision issued under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; *et seq.*, as well as attorney's fees and costs for two administrative decisions issued under the IDEA.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §1331 in that claims are asserted under the laws of the United States, under 28 U.S.C. §1343(a) in that claims are asserted under laws providing for the protection of civil rights, and under 20 U.S.C. §1415, 42 U.S.C. § 12133, 42 U.S.C. §1983, and 29 U.S.C. §794, *et. seq*.

3.  This Court has jurisdiction over Plaintiffs' pendent State law claims pursuant to 28 U.S.C. § 1367.  Plaintiffs also seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4.  Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as

it is the judicial district in which Defendants are situated and/or reside.

PARTIES

5.   Plaintiff F.S. is the mother of A.J., a twenty-year-old young man who has been diagnosed with autism.[1]

6.   F.S. resides in the Bronx, New York, with A.J. and A.J.'s father.

7.   F.S.'s native language is Arabic and Arabic is her native or first language.

8.   A.J. is a student with a disability who is eligible for a Free Appropriate Public Education ("FAPE") under the IDEA.

9.   A.J. is a qualified individual with a disability who is eligible for a FAPE under Section 504 and is protected from discrimination based upon his disabilities.

10.  Defendant, THE NEW YORK CITY BOARD OF EDUCATION ("the Board of Education" or "the Board"), was or continues to be the official body charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York pursuant to N.Y. Educ. Law § 2590-b.

11.  Upon information and belief, Defendant, DAVID BANKS ("the Chancellor"), is the Chancellor of the New York City School District and, as such, is entrusted with the specific powers and duties set forth in N.Y. Educ. Law § 2590-h.

12.  The Department of Education ("DOE") is a municipal agency and is a creation of the Board of Education pursuant to the Board's By laws.

13.  All Defendants jointly and/or individually constitute the Local Educational Agency ("LEA") under the IDEA and state law.

---

[1] Initials are used throughout this Complaint to preserve the confidentiality of sensitive medical, educational, and disability-related information under the IDEA and the Family Educational Rights and Privacy Act of 1974 (FERPA).

14.  All Defendants jointly and/or individually are recipients of federal financial assistance.

15.  When the "DOE" is referenced throughout, the term DOE refers individually to Defendants DOE, as well as collectively to Defendants.

<u>LEGAL FRAMEWORK – THE IDEA</u>

16.  The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE.  20 U.S.C.  § 1412(a)(1).

17.  A FAPE must meet each student's "unique needs and prepare them for further education, employment, and independent living." 20 U.S.C.  § 1400(d) (1) (A)-(B).

18.  A FAPE must "include an appropriate .  .  .  secondary school education in the State involved" and be provided in conformity with an IEP.  *See* 20 U.S.C.  §§ 1401(9), 1414(d)(2)(A); 8 N.Y.C.R.R.  § 200.4(e)(1)(ii).

19.  To be entitled to a FAPE, a child must have one or more of thirteen disabling conditions and, by reason of his/him disability, require "special education" and "related services." 34 C.F.R.  § 300.8(a)(1).

20.  Defendants are responsible for providing a FAPE to all eligible children in New York City and for promulgating policies and procedures in accordance with the IDEA.

21.  Every child with the designated disability classifications is entitled to an Individualized Education Program, or "IEP" and the LEA (here, Defendants) must provide an IEP which must is individually tailored to each student and is meant to serve as a blueprint for each child's special education services.  20 U.S.C.  § 1414(d).

22.  By the beginning of each school year, City Defendants must have an IEP in place that offers a FAPE to each eligible child.  20 U.S.C.  § 1414(d)(2).

23.  Before an IEP can be developed, a child must be evaluated in accordance with detailed procedures outlined in federal and state law.

24.  The IDEA prescribes, in detail, the process for developing IEPs and their contents. 20 U.S.C. § 1414(d)(1)(A), (d)(2); 34 C.F.R. §§ 300.320(a)(2)-(3); 300.324; N.Y. Educ. Law § 4401, *et seq.;* and 8 N.Y.C.R.R.§ 200.4(d)(2)(iii).

25.  The IDEA permits parents to seek independent educational evaluations ("IEEs") if they disagree with the school district's evaluation.

26.  One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

27.  Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA")] or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

28.  The IDEA sets forth detailed requirements for hearing procedures. 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511-516.

29.  A parent that prevails in a due process hearing is entitled to have the school district, here the Defendants, pay their reasonable attorney's fees. 20 U.S.C. § 1415(i)(3).

<u>FACTS</u>

30.  A.J. has been diagnosed with, *inter alia,* Autism Spectrum Disorder ("ASD").

31.  In May, 2018, Plaintiffs, through counsel, filed a due process complaint (the "2018 DPC") regarding the DOE's failure to provide A.J. with a FAPE for the 2105-2016, 2016-2017 and 2017-2018 school years ("SYs at Issue").

32.    Defendant DOE assigned the 2018 DPC a Case No. of 173447.  The allegations in the 2018 DPC are incorporated herein by reference.

33.    The IHO assigned to Case No. 173447 issued two interim orders in favor of Plaintiffs, awarding them their requested evaluations.

34.    At the end of the hearing, the IHO ruled in favor of Plaintiffs and issued a Findings of Fact and Decision dated September 22, 2019 (the "2019 FOFD"), finding that the DOE denied A.J. a FAPE for the SYs at Issue and awarding, *inter alia*, Plaintiffs compensatory education for the FAPE denial.

35.    Defendants failed to appeal the 2019 FOFD.

36.     The 2019 FOFD awarded Applied Behavior Analysis ("ABA"), transition services, related services, evaluation funding, as well as a direction that the DOE provide certain translated records to the family.

37.    After the 2019 FOFD was issued, the DOE did not implement the FOFD.

38.    The Parents attempted to find private providers, but the family lives in the Bronx, which has a significant shortage of ABA providers, as well as related services providers.

39.    They found one agency but that agency was not able to fully staff the ABA services.

40.     They did not locate any other service providers.

41.    During COVID-19, the Parents lost the ABA providers that they had located and the DOE never took steps to implement the rest of the order.

42.    The DOE's Impartial Hearing Implementation Unit was granting families extensions of time to use compensatory education upon request on a case-by-case basis.

43.    However, the DOE did not advise all parents of this option.

44.  As the family did not have a lawyer representing them during COVID-19, they did not know they could ask for an extension of time for A.J.

45.  The 2019 FOFD did not provide that the parents were responsible for implementing the services in the order.

46.  F.S. was not provided any explanation in his own language as to the details concerning the implementation of the 2019 FOFD.

47.  Unfortunately, the DOE does not employ and/or contract with some of the providers who can deliver the services ordered by 2019 FOFD, such as ABA providers and transition service providers. However, the DOE does have access to related service providers, such as speech therapists and occupational therapists.

48.   There is a shortage of licensed ABA providers in New York and in particular, in the Bronx.

49.  Defendants have failed to ensure the delivery of certain services due to the shortage of providers generally as well as Defendants' refusal to offer certain services directly.

50.  Plaintiff F.S. and her husband were prevailing parties in the underlying hearing and are entitled to reasonable attorneys' fees for the work performed in connection with these administrative proceedings, as well as this action.

51.  The fees and costs charged by Plaintiffs current and former counsel are consistent with and/or below market rates for the legal services performed, considering counsels' experience and expertise and the complexity of the issues.

## CLAIMS FOR RELIEF

### CLAIM I: THE IDEA

52.  Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

53.  Defendants denied A.J. a FAPE for the school years at issue.

54.  Defendants' failure to implement appropriate policies, procedures, and practices to ensure timely and continued implementation of Plaintiffs' hearing decisions violates the IDEA.

55.  Defendants' failure to implement appropriate policies, procedures, and practices to ensure timely and continued implementation of Plaintiffs' pendency rights violates the IDEA.

56.  Defendants' repeated and ongoing application of blanket policies and practices to A.J.'s IEP and placement, violates the IDEA.

57.  As the prevailing party in the underlying administrative hearings that gave rise to the 2019 FOFD, Plaintiff F.S. is entitled to payment of reasonable legal fees for work performed in connection with these cases and this action

### CLAIM II: SECTION 504

58.  Plaintiff repeats and re-allege the allegations of all the above paragraphs as if fully set forth herein.

59.  Defendants' conduct is knowing, intentional, reckless, and gross.

60.  Plaintiff A.J.  is a qualified individual with disabilities entitled to protection under Section 504.

61.  Defendants discriminated against Plaintiffs under Section 504 by, *inter alia*, denying A.J.  reasonable accommodations, adopting systemic policies, procedures and practices

7

that violate A.J.'s rights under the IDEA and New York State law, and engaging in widespread and pervasive violations of the IDEA and New York State Education law.

62.  Defendants discriminated against A.J.  under Section 504 by, *inter alia*, committing extensive, repeated, gross, knowing, and reckless violations of multiple provisions of the IDEA and New York State law, which is incorporated by reference into the IDEA.

CLAIM III: 42 U.S.C. §1983

63.  Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

64.  Defendants have violated 42 U.S.C. §1983 by depriving Plaintiffs, under color of state law, of their rights, privileges, and immunities under federal statutory and constitutional law.

65.  By implementing, promulgating, and continuing to enforce and/or effectuate policies, practices, and customs as alleged herein, Defendants have denied A.J. the educational services to which he is entitled under the IDEA and New York law, in violation of 42 U.S.C. §1983.

66.  By failing to supervise and train their employees and agents concerning the federal and state laws and policies concerning general and special education services, Defendants have violated 42 U.S.C. §1983.

67.  By failing to ensure that the decisions were timely implemented, Defendants violated 42 U.S.C. §1983.

68.  By failing to ensure that pendency is timely implemented and secured, Defendants violated 42 U.S.C. §1983.

69.  The Defendants violated Plaintiff's rights under 42 U.S.C. § 1983 by failing to have adequate policies, procedures, protocols, and training to ensure that pendency is timely implemented, and the decisions issued in the IDEA administrative hearing system are timely implemented

70.  Under color of state law, the Defendants deprived A.J. or his right to special education services educational services afforded to his under New York State law, in violation of the Fourteenth Amendment of the U.S. Constitution.

71.  As a direct and proximate result of the Defendants' misconduct, Plaintiffs have suffered and will continue to suffer harm.

CLAIM IV: NEW YORK LAW

72.  Plaintiffs repeat and re-alleges the allegations of all the above paragraphs as if fully set forth herein.

73.  Defendants have violated Plaintiffs' rights under New York Constitution, the New York State Education Law §§ 3202, 3203, 4401, 4404 and 4410 and the Regulations of the New York State Commissioner of Education, 8 N.Y.C.R.R. §200, *et seq.*

CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

i.  Assume jurisdiction over this action;

ii.  Issue a Declaratory Judgment on behalf of the Plaintiffs that the action, inaction, policies, procedures, and practices as alleged herein violate the applicable federal and state laws;

iii.  Issue a preliminary and permanent injunction directing Defendants to implement the 2019 FOFD and award equitable relief to Plaintiff and A.J.,

9

including an extension of time for A.J. to use his compensatory education as well as additional equitable relief;

iv.   Issue a preliminary and permanent injunction directing Defendants to refrain from continuation of implementation of policies and practices that violate the IDEA and discriminate against A.J. based on his disability;

v.   Award Plaintiff reasonable attorneys' fees and costs for the IH Decisions, with prejudgment interest thereupon;

vi.   Award Plaintiff attorneys' fees and costs incurred with respect to this action; and

vii.   Award such other, and further, relief as to the Court may seem just and proper.

Dated:      September 22, 2022
            New York, New York

                        Respectfully submitted,
                        THE LAW OFFICE OF ELISA HYMAN, P.C.

                                /s/
                        By _____
                        Elisa Hyman
                        The Law Office of Elisa Hyman, P.C.
                        1115 Broadway, 12th Floor
                        New York, NY 10010
                        Phone: (646) 572-9064
                        Fax: (646) 572-9055
                        elisahyman@gmail.com