```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/5/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
F.S. on behalf of Herself and as Next Friend to Her Child, A.J.,

                        Plaintiffs,

            -against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION, *et al.*,

                        Defendants.
------------------------------------------------------------------------X

**INTERIM STIPULATION**

**22 Civ 8129**

**WHEREAS,** the Plaintiff, F.S., commenced this action on behalf of herself and as next friend to her child, A.J. (collectively, Plaintiffs), by filing a complaint on or about September 22, 2022 ("Complaint"), alleging, *inter alia,* that the defendants, the New York City Department of Education ("DOE"), the New York City Board of Education, and David Banks as Chancellor of the New York City School District (collectively, the "Defendants") denied the Student a free appropriate public education during certain school years and failed to implement compensatory education services awarded the Findings of Fact and Decision in IHO No. 1734477 ("FOFD") which were expiring as of December 31, 2022, as per the express terms of the FOFD.

**WHEREAS**, Plaintiffs requested an extension of time to use the services in awarded in the FOFD from Defendants, and Defendants indicated that they were contemplating an extension;

**WHEREAS**, on or about February 2, 2023, Plaintiffs advised Defendants that they would seek to file a motion before this Court for a Temporary Restraining Order and preliminary injunction seeking to extend the time for A.J. to use the services ordered in the IHD;

**WHEREAS**, Defendants do not admit any fault or liability in connection with the allegations set forth in the Complaint or those made in connection with the applications for preliminary injunctive relief, and deny that there has been any failure to implement any portion of the FOFD referenced herein;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. Plaintiffs hereby agree to refrain from filing an application for Temporary Restraining Order ("TRO") and preliminary injunction with respect to the claims raised in the complaint concerning the FOFD, without prejudice.

2. Defendants agree to extend the date on which the compensatory education services in the FOFD awarded to A.J. expire to August 31, 2023.

3. Defendants reserve their rights to argue that they had no obligation to extend the services and no such extension was legally warranted.

4. Plaintiffs reserve their claims that a longer extension of time to use the compensatory education services in the FOFD beyond August 31, 2023, is warranted under the circumstances plead in the Complaint.

5. Defendants' Impartial Hearing Implementation Unit ("IHIU") will implement the services pursuant to the extension based on the standard policies and practices of the IHIU.

6. In consideration of the extension of time to receive the compensatory education services in the FOFD as set forth in No. 4, Plaintiffs agree to refrain from filing an application for preliminary injunctive relief without prejudice for the 6-month period set out in this agreement relating to whether the DOE should further extend the services in the FOFD. However, Plaintiffs have advised

Defendants they believe that the Student should receive more services than they have agreed to herein with respect to the claims raised in this action and are not waiving their rights to assert that they can file a future application, including a TRO or injunction to obtain additional relief other than that contemplated herein with respect to the claims raised in the Complaint, at the end of the 6-month period set out in this agreement. Nothing in this agreement prevents or limits Plaintiffs from filing a TRO or preliminary injunction about matters unrelated to the implementation of the FOFD, including matters pending in administrative due process hearings concerning subsequent school years.

7. If Plaintiffs determine that an application for preliminary injunctive relief is warranted on or after August 31, 2023 (the end of the 6-month extension period) with respect to the implementation and/or enforcement of the FOFD, Defendants agree that the withdrawal of the application and/or the present agreement is not evidence against Plaintiffs' argument that the Student will suffer "irreparable harm" without emergency and/or preliminary relief in the future. Defendants do not waive any other objection or argument that they may have pertaining to such an application, nor do Defendants agree that the services provided for herein are necessary or appropriate for the Student.

8. If Plaintiffs determine that emergency relief concerning the FOFD is necessary, they will first provide written email notice of the nature and specifics of the issues for which relief will be sought to the undersigned counsel (or a substitute counsel if applicable) for Defendants at least three business days before filing any such motion.

9. Further, Plaintiffs do not agree to waive or release claims for attorney's fees and/or costs relative to any work up to and/or after the date of this stipulation, although all parties reserve their rights and defenses relative to that issue for a future date.

10. Neither this Stipulation, nor the Defendants' funding of the services described herein above pursuant to the Stipulation, shall be relied upon by any party to indicate, establish or support the position that they constitute, in whole or in part, either a recommendation by the DOE, or an agreement by the Parties, the Student's educational program for the purposes of the "pendency" or "stay put" provisions of the Individuals with Disabilities Education Act and its implementing regulations (20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518) and/or New York State law and regulations (N.Y. Educ. Law §§ 4404(4), 4410(7)(c) and 8 NYCRR § 200.5(m)).  However, both parties reserve their rights with respect to whether the services in the FOFD constitute the student's pendency or stay-put placement as if this Stipulation did not exist.

11. This Stipulation and Order shall be admissible only in connection with the above captioned litigation (including to enforce or address issues arising under this Stipulation), any subsequent related litigation or hearing involving the same Plaintiff(s) concerning education services for the Student in the event of any remand to the State Review Officer or Impartial Hearing Officer in the underlying administrative proceedings.

(CONTINUED ON NEXT PAGE)

12. This Court retains jurisdiction over this Stipulation and any dispute arising under the Stipulation can be presented to the Court for adjudication.

Dated: New York, New York
March 2, 2023

| | |
|---|---|
| THE LAW OFFICE OF ELISA HYMAN, P.C.<br>Attorney for Plaintiffs<br>1115 Broadway, 12th Floor<br>New York, NY 10010<br>(646) 572-9064<br>Fax: 646) 572-9065<br>elisahyman@gmail.com<br><br>By: _____<br>      Elisa Hyman, Esq. | THE HONORABLE SYLVIA O. HINDS-RADIX<br>Corporation Counsel of the City of New York<br>Attorney for Defendants<br>100 Church Street, Room<br>New York, New York 10007<br>(212) 356-2455<br>wsnichol@law.nyc.gov<br><br>By: _____<br>      W. Simone Nicholson, Esq.<br>      Assistant Corporation Counsel |

SO ORDERED:

_____
U.S.D.J.

July 5, 2023

5